UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JACQUELINE C.,

                              Plaintiff,

v.                                                                    CASE # 20-cv-01606

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

APPEARANCES:                                              OF COUNSEL:

FELICE A. BRODSKY                                       FELICE A. BRODSKY, ESQ.
  Counsel for Plaintiff
556 South Transit Rd
P.O. Box 557
Lockport, NY 14095

FREDERICK LAW OFFICES                            SARAH A. FREDERICK, ESQ.
  Counsel for Plaintiff
4467 S. Buffalo St.
Orchard Park, NY 14127

U.S. SOCIAL SECURITY ADMIN.                   JUNE LEE BYUN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter

is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant

to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record

and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on November 17, 1974, and has less than a high school education. (Tr. 205, 211). Generally, plaintiff's alleged disability consists of deteriorated discs in the neck and back, depression, and gastrointestinal issues. (Tr. 204). Her alleged onset date of disability is June 1, 2005. (Tr. 211).

### B.      Procedural History

Plaintiff protectively filed an application for Title XVI benefits on November 9, 2017. (Tr. 186). The application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On October 1, 2019, plaintiff appeared before ALJ Elizabeth Ebner. (Tr. 34-71). On October 30, 2019, ALJ Ebner issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-29). On September 2, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant has not engaged in substantial gainful activity since November 9, 2017, the application date (20 CFR 416.971 *et seq.).*

2. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spines, status post cyst removals, abdominal pain secondary to repair surgery, depression, anxiety, history of asthma, and opioid abuse in remission (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except after 45 minutes of sitting, would need to stand for one to two minutes without going off-task or leaving the workstation; occasional reaching overhead; frequent reaching, handling, and fingering; occasional climbing ramps and stairs; no climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling cannot work at unprotected heights or be exposed to dangerous moving mechanical parts; occasional exposure humidity, wetness dusts, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration; limited to simple routine repetitive tasks; only capable of occasional changes in the work setting; limited to simple work related decisions; only occasional interaction with supervisors, and co-workers; and no contact with the general public, but can work within proximity to them.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on November 17, 1974, and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 9, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-29).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ improperly substituted her opinion for that of any doctor regarding her physical and mental limitations. (Dkt. No. 23 at 14-24 [Pl.'s Mem. of Law). Second, plaintiff argues the ALJ's RFC finding was not based on substantial evidence with regard to the sit/stand option. (*Id*. at 25-32). Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 29.)

### B.   Defendant's Arguments

In response, defendant makes one argument. Defendant argues substantial evidence supports the ALJ's RFC finding. (Dkt. No. 24 at 11-26 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

In general, it is the very duty of the ALJ to formulate a plaintiff's RFC. An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id*. § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [plaintiff's] medical sources." *Id*. § 416.920c.  Further, it is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

### A.   Physical RFC

Plaintiff asserts the ALJ's physical RFC determination was the product of legal error and not supported by substantial evidence. First, plaintiff argues the ALJ "rejected all medical opinions" thus creating an "evidentiary gap" which the ALJ filled with her own lay interpretation of the raw medical data. (Dkt. No. 23 at 17-19). Second, plaintiff argues the ALJ's limitation for occasional overhead reaching and frequent reaching in general is not based on any medical authority and the ALJ failed to provide substantial evidence in the record to support this limitation.

(*Id*. at 21-22). Lastly, plaintiff argues the ALJ failed to provide a narrative discussion describing how the evidence supports her sit/stand option which finding which plaintiff claims was not based on substantial evidence.  (*Id*. at 25-32).

Contrary to plaintiff's assertion, an ALJ's RFC determination is not flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, plaintiff's argument that the ALJ's general RFC for sedentary work and her specific reaching and sit/stand opinion were the product of legal error because those findings were not supported by a medical source, is without merit.

To be sure, no one medical source opined plaintiff could perform the specific functions found by the ALJ; however, in formulating the physical RFC the ALJ properly relied on the record as a whole and the ALJ's reasoning can be gleaned from her determination. The record contains two prior administrative findings. Consultative examiner Samuel Balderman, M.D. examined plaintiff and opined she had moderate limitations to frequent changes in position of the head. (Tr. 561). The ALJ concluded Dr. Balderman's opinion was persuasive.  (Tr. 23). Non-examining State agency medical consultant, J. Poss, M.D., examined the record available to her at the time, including Dr. Balderman's examination, and opined plaintiff could perform the exertional demands of light work. (Tr. 128-131). The ALJ found Dr. Poss's administrative finding "non

persuasive." (Tr. 24). The ALJ reasoned Dr. Poss did not examine plaintiff and did not have a full record. (*Id*.).

The ALJ ultimately concluded plaintiff could perform the exertional demands of sedentary work, with additional non-exertional limitations, which is consistent with Dr. Balderman's finding. The ALJ determined plaintiff was limited to occasional postural activities and no climbing of ladders, ropes, or scaffolds, based on Dr. Balderman's findings of limited range of motion of the lumbar spine. (Tr. 23). The ALJ incorporated Dr. Balderman's finding of moderate limitations in frequent changes in head position by limiting plaintiff to frequent reaching and handling. (*Id*.). Further, the ALJ's RFC is more restrictive than Dr. Poss's finding. "[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record." *Lesanti v. Comm'r of Soc. Sec*., 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).

Substantial evidence further supports the ALJ's non-exertional limitations in reaching and her sit/stand option. Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position);

*see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

The ALJ's reaching limitation was proper and supported by substantial evidence. Although no medical source specifically opined plaintiff had reaching limitations, the ALJ relied on objective evidence in the record to support such limitations. ALJ Ebner noted objective medical evidence of treatment for neck and back pain, including pain medications and full range of motion in the shoulders and arms. (Tr. 26). The ALJ also relied on objective medical imaging and treatment, such as medication and scheduled surgery. (*Id.*). The ALJ considered examinations in which providers observed reduced range of motion in her neck and back. (*Id.*). However, the ALJ also considered that plaintiff had full range of motion in her shoulders, arms, hips, and legs. (*Id.*). The ALJ further took into account plaintiff's testimony that she had neck pain and had difficulty carrying things. (*See* Tr. 49-51).

The ALJ's conclusion that plaintiff required a sit/stand option was also proper and supported by substantial evidence. The sit/stand option accounted for plaintiff's testimony that she could not sit or stand for long. (*See* Tr. 58-59). In addition to plaintiff's testimony, the ALJ considered objective medical evidence, including diagnostic results and examinations revealing only mild findings. (T. 26). Remand for a clearer explanation would thus, be inappropriate here. *See Cook v. Comm'r of Soc. Sec.*, 2020 WL 5079278, at *2 (2d Cir. Aug. 28, 2020) (rejecting claimant's contention that remand was necessary for the ALJ to explain a specific RFC finding when claimant did not offer any credible evidence showing she was more restricted than the RFC). Although the ALJ's RFC for sedentary work, and her additional reaching and sit/stand option, were not directly supported by a medical source opinion, the ALJ did not commit legal error. The

ALJ's physical RFC determination was supported by the record as a whole and no reasonable mind would have to conclude otherwise. *Morris,* 721 F. App'x at 29 (Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise"). Plaintiff fails to provide any evidence in the record of greater limitations than those found by the ALJ. *See Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020); *see Smith,* 740 F. App'x at 726 (it is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ).

**B.     Mental RFC**

Plaintiff argues "the ALJ also erred by effectively rejecting all medical opinions regarding [Plaintiff's] mental limitations and then interpreting on her own the raw psychiatric data (objective clinical findings) to formulate [Plaintiff's] function-by-function mental RFC." (Dkt. No. 23 at 23). As already outlined here, an ALJ's RFC determination is not fatally flawed because it was formulated absent a medical opinion.  Here, the ALJ's mental RFC was proper and supported by substantial evidence.

The ALJ considered the consultative psychological examination and findings of psychologist Susan Santarpia.  (T. 24, *see* T. 566-69.)  On examination, Plaintiff had normal memory, had fair insight and judgment, and had mild problems with concentration and attention. (T. 567-68.)  Plaintiff had full and appropriate affect, coherent and goal directed thought processes, a euthymic mood, clear sensorium, and was oriented in all three spheres. (T. 567-68.) Plaintiff reported that she had no problems with self-care, could manage her own money, socialized with friends and family, and was the primary caregiver for her five-year old child. (T. 568.)  Dr. Santarpia assessed no limitations and noted that the results of the examination did not appear to be

consistent with any psychiatric or substance use problem that would significantly interfere with Plaintiff's ability to function on a daily basis. (T. 568-69.)

As noted by Plaintiff, the ALJ did not specifically evaluate the persuasiveness of Dr. Santrarpia's finding.  (Dkt. No. 23 at 23.)  However, Dr. Santarpia essentially determined Plaintiff had no limitations in her ability to perform the basic demands of work and her impairments would not "significantly interfere" with her ability to function on a daily basis.  (T. 568-569.)  The ALJ noted Dr. Santarpia "did not opine to any limitations and found that [Plaintiff's] mental health would not significantly interfere with her day-to-day functioning."  (T. 24.)  Therefore, the ALJ determined the doctor's findings would not prevent Plaintiff from performing mental demands of work; however, the ALJ ultimately concluded, based on additional evidence in the record, Plaintiff's mental impairments required additional functional limitations.

In formulating Plaintiff's mental RFC, the ALJ considered Dr. Santarpia's findings as well as the medical opinion of Shannon Allen, L.M.H.C.  (T. 24-25.) Ms. Allen opined Plaintiff had multiple moderate to marked limitations.  (T. 851-8556.)  The ALJ considered that Ms. Allen's opinion was based on weekly therapy sessions and that her assessment that Plaintiff had problems with crowds and interacting with others was supported by Plaintiff's testimony that she had anxiety being around others (Tr. 25, *see* Tr. 854-55). The ALJ also found Ms. Allen's assessment that Plaintiff had only moderate restrictions with her concentration consistent with consultative examiner Dr. Santarpia's finding that Plaintiff had only mild limitations with concentration during the examination (Tr. 25, *see* Tr. 568, 853-54). However, the ALJ did not find persuasive the remainder of Ms. Allen's opinion that Plaintiff would be incapable of doing a multitude of activities as they were unsupported by the record (Tr. 25); *see Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("We conclude that the ALJ's decision gave appropriate (partial) evidentiary

weight to those doctors' opinions, and is largely consistent with them; the ALJ declined to adopt the moderate limitations those doctors identified because their opinions are contradicted by evidence in the record."); *Camille v. Colvin*, 652 F. App'x 25, 29 n.5 (2d Cir. 2016) ("An ALJ may accept parts of a doctor's opinion and reject others.").

**B.        Mental RFC**

Plaintiff argues the ALJ also erred by effectively rejecting all medical opinions regarding her mental limitations and then interpreting the raw psychiatric data on her own to formulate the function-by-function mental RFC. (Dkt. No. 23 at 23). As already outlined above, an ALJ's RFC determination is not fatally flawed because it was formulated absent a medical opinion. Here, the ALJ's mental RFC was proper and supported by substantial evidence.

The ALJ considered the consultative psychological examination and findings of psychologist Susan Santarpia, M.D.  (Tr. 24, *see* Tr. 566-69). On examination, plaintiff had normal memory, had fair insight and judgment, and had mild problems with concentration and attention. (Tr. 567-68). Plaintiff had full and appropriate affect, coherent and goal directed thought processes, a euthymic mood, clear sensorium, and was oriented in all three spheres. (Tr. 567-68). Plaintiff reported that she had no problems with self-care, could manage her own money, socialized with friends and family, and was the primary caregiver for her five-year old child. (Tr. 568). Dr. Santarpia assessed no limitations and noted that the results of the examination did not appear to be consistent with any psychiatric or substance use problem that would significantly interfere with plaintiff's ability to function on a daily basis. (Tr. 568-69).

As noted by plaintiff, the ALJ did not specifically evaluate the persuasiveness of Dr. Santrarpia's finding. (Dkt. No. 23 at 23).  However, Dr. Santarpia essentially determined plaintiff had no limitations in her ability to perform the basic demands of work and her impairments would

not "significantly interfere" with her ability to function on a daily basis. (Tr. 568-569). The ALJ observed Dr. Santarpia "did not opine to any limitations and found that [plaintiff's] mental health would not significantly interfere with her day-to-day functioning." (Tr. 24). Therefore, the ALJ determined the doctor's findings would not prevent plaintiff from performing mental demands of work; however, the ALJ ultimately concluded, based on additional evidence in the record, plaintiff's mental impairments required additional functional limitations. (Tr. 26).

In formulating plaintiff's mental RFC, the ALJ considered Dr. Santarpia's findings as well as the medical opinion of Shannon Allen, L.M.H.C. (Tr. 24-25). Ms. Allen opined Plaintiff had multiple moderate to marked limitations. (T. 851-8556.) The ALJ considered that Ms. Allen's opinion was based on weekly therapy sessions and that her assessment that Plaintiff had problems with crowds and interacting with others was supported by Plaintiff's testimony that she had anxiety being around others (Tr. 25, *see* Tr. 854-55). The ALJ also found Ms. Allen's assessment that plaintiff had only moderate restrictions with her concentration which was consistent with consultative examiner Dr. Santarpia's finding that plaintiff had only mild limitations with concentration during her examination of the plaintiff. (Tr. 25, *see* Tr. 568, 853-54). However, the ALJ did not find persuasive the remainder of Ms. Allen's opinion that plaintiff would be incapable of doing a multitude of activities as they were unsupported by the record. (Tr. 25; *see Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("We conclude that the ALJ's decision gave appropriate (partial) evidentiary weight to those doctors' opinions, and is largely consistent with them; the ALJ declined to adopt the moderate limitations those doctors identified because their opinions are contradicted by evidence in the record."); *Camille v. Colvin*, 652 F. App'x 25, 29 n.5 (2d Cir. 2016) ("An ALJ may accept parts of a doctor's opinion and reject others.")). The ALJ explained that the moderate to marked limitations conflicted with other significant evidence of record

including two prior administrative findings that found plaintiff had work related mental limitations, and plaintiff's ability to act as primary caregiver for her young child, make meals, make a grocery list, and tend to her personal care. (*See* Tr. 22-27).

In addition to the administrative findings and opinion evidence, the ALJ relied on objective evidence and plaintiff's testimony when formulating the mental RFC.  (Tr. 28). Plaintiff testified she stopped working in 2006 due to fumes that gave her headaches. (Tr. 79). She testified her depression and anxiety started after the birth of her second child and that it causes her problems with leaving the house. (Tr. 80). She attributed her problems with sleeping and eating to medication doses. (Tr. 81). The ALJ also noted that plaintiff is the primary care giver for her son and she testified that she can make meals, make a grocery list, and get her child prepared for school. (Tr. 26). ALJ Ebner also recognized plaintiff told Dr. Santeria that she can tend to her personal care and manage her finances. (*Id*.).

ALJ Ebner properly considered the nearly 600 pages of medical records and multiple medical source opinions, plaintiff's activities of daily living and other available objective medical evidence to reach an RFC determination consistent with the record as a whole. Plaintiff has not proven that she was disabled, as was her burden, and there was no gap in the record requiring the ALJ to obtain additional evidence. Plaintiff seeks a reweighing of the evidence but cannot show that no reasonable factfinder could have reached the ALJ's conclusions. *Brault*, 683 F.3d at 448.


**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 23) is

    **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 24) is

    **<u>GRANTED</u>**.

Dated: September 30, 2022
Rochester, New York

_J. Gregory Wehrman_
HON. J. Gregory Wehrman
United States Magistrate Judge